**ALEXANDER REED-KRASE, #272603**
**KRASE, BAILEY, REED-KRASE, LLP**
132 East Morton Avenue
Porterville, California 93257
Telephone: (559) 784-2353
Facsimile:  (559) 784-2463

Attorneys for Plaintiff, Kenneth Lyle Ruffa

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| Kenneth Lyle Ruffa, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>Southern California Edison Company, a California Corporation; Edison International, a California Corporation; EIX Benefits Connection, a business entity, form unknown; Southern California Edison Company Retirement Plan, a business entity, form unknown; Edison 401k Savings Plan, a business entity, form unknown and DOES 1 through 100,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; STATUTORY PENALTIES; MONEY DAMAGES PLUS PREJUDGMENT AND POST JUDGMENT INTEREST; AND ATTORNEY'S FEES AND COSTS** |

Plaintiff Kenneth Lyle Ruffa ("Plaintiff"), an individual, alleges as follows:

**General Allegations Common to All Causes of Action**

1. Plaintiff is, and at all times relevant to the present action was, a resident of Tulare County, California and within the jurisdiction of the Federal Court of the United States, Eastern District of California.

2. Defendant Edison International, a California Corporation with its headquarters in Rosemead, California and is the sole owner of:

    a. Defendant EIX Benefits Connection, a business entity unknown. On information and belief, Plaintiff alleges that Defendant EIX Benefits Connection is an unincorporated entity

operated by Defendant Edison International.

      b.  Southern California Edison Company, a California Corporation ("Edison Company");

      c.  Southern California Edison Company Retirement Plan, a business entity, form unknown ("Defendant Edison Plan");

      d.  Edison 401k Savings Plan, a business entity form unknown ("Defendant Edison 401k").

3. Defendant Edison Company regularly does business in Fresno, Inyo, Kern, Kings, Madera, Merced, Tulare, and Tuolumne Counties, all of which are located in the Eastern District of California. Defendant Edison Company's employees, including those employed in the service areas located in the Eastern District of California, may participate in Defendant Edison 401k and Defendant Edison Plan. Said employees are assisted in their participation by Defendant EIX Benefits Connection.

4. The true names and identities of Defendants sued herein under the names of Does 1 through 100 are unknown to Plaintiff, who will amend this Complaint to show their true names and identities when the same have been ascertained. The term "Defendants," as used hereinafter, shall include the agents, employees, board members, entities or other individuals acting on behalf of and/or at the express direction of any of the Defendants named herein. Plaintiff reserves the right to later substitute any individual or entity with liability hereunder for a Doe Defendant when/if such an individual or entity is later discovered. Defendant Edison Company, Defendant Edison International, Defendant EIX Benefits Connection, Defendant Edison Plan, Defendant Edison 401k and DOES 1 through 100 are hereinafter referred to collectively as "Defendants."

5. William Weimar ("Decedent") was at all times relevant to the present action a resident of Tulare County, California and was continuously employed by Defendant Edison Company in the jurisdiction of the Federal Court of the United States at all times relevant herein until his death on or about September 6, 2021.

6. Jurisdiction is proper in the United States District Court over each cause of action within this complaint by virtue of 28 U.S.C. § 1331 as this action alleges violations of the

-2-

**COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS**

1  Employee Retirement Income Security Act ("ERISA").

2      7. Venue is proper in the Eastern District of California by virtue of subsections (b)(1) and (b)(2) of 28 U.S.C. § 1391 as Plaintiff, Decedent, and Defendant Edison Company were, and remain, residents of the Eastern State of California and, further, all property for which is the subject of this claim in addition to all events giving rise to this claim, accrued through Decedent's employment by Defendants within this venue.

    8. Decedent was hired by Defendant Edison Company on or about August 24, 1998.

    9. As a result of employment, Defendant Edison Company offers its employees, including those employed in the service areas located in the Eastern District of California, participation in Defendant Edison 401k and Defendant Edison Plan. Said employees are assisted in their participation by Defendant EIX Benefits Connection.

    10. By virtue of 29 U.S.C. § 1003, both Defendant Edison 401k and Defendant Edison Plan are subject to governance under the Employee Retirement Income Security Act, which has been codified in 29 U.S.C. §§ 1001 through 1461.

    11. The Decedent initially became a member of the Defendant Edison Plan and Defendant Edison 401 retirement programs offered by Defendants, and each of them, as a result of his employment. The Decedent also participated in the Defendants' respective life insurance policies.

    12. The Decedent divorced his first wife in 2012. As a result of the divorce, a portion of his retirement account was awarded to wife in a separate account established by Defendants for her benefit. This was done in accordance with a qualified domestic relations order signed by the Judge Brett Hillman in Tulare County Superior Court Case Number VFL 11-245075 on or about September 14, 2012.

    13. On or about October 3, 2012 Defendants provided a correspondent to the Decedent confirming that Plaintiff was named as Decedent's sole primary beneficiary on all retirement accounts and products the Decedent held with the Defendants. Plaintiff remained the primary beneficiary through September 6, 2021, the date of death of the Decedent. All statements and information provided to the Decedent through his date of death listed Plaintiff as the beneficiary to all of the accounts and insurance products offered by Defendants to the Decedent.

KRASE, BAILEY, REED-KRASE, LLP
132 E. Morton Avenue
Porterville, CA 93257
(559) 784-2353

**COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS**

14. On or about on November 11, 2020 the County of Tulare issued a marriage license for Decedent and Lisa Marie Marquez ("Ms. Marquez"). Though the license was submitted, vows were never exchanged by Plaintiff and Ms. Marquez, rending the validity of the marriage in doubt. Further, Ms. Marquez has testified, under oath that the marriage was not solemnized pursuant to the procedures and requirements of California, even though the license was in fact issued.

15. None of the regular correspondences to Decedent provided any notice that if he was married the Defendants would automatically change his named beneficiaries.

16. The Decedent passed on September 6, 2021.

17. On or about September 24, 2021, Defendants wrongly paid $50,000 in life insurance proceeds to Ms. Marquez, despite Plaintiff being the named beneficiary.

18. On or about October 5, 2021, Defendant sent Plaintiff a written notice acknowledging his status as Decedent's primary beneficiary in addition to instructions on how to claim the proceeds of the various products for which he was named the primary beneficiary.

19. Shortly after Plaintiff received the correspondence, Defendants informed Plaintiff via telephone that distribution of the benefits to him was on hold. During the same telephone conversation, Plaintiff requested explanation for the hold which was not provided by telephone.

20. On October 28, 2021 Plaintiff, by and through counsel, demanded release of the proceeds to him from the holdings with Defendant Edison Plan and Defendant 401k, or in the alternative that Defendants do not release any proceeds until determination of the rightful beneficiary is settled by a court of law. Defendants confirmed receipt of the correspondence and Plaintiff's claim in a correspondence dated November 18, 2021.

21. Plaintiff received, by and through his counsel, a on February 8, 2022 which notice was received from Defendant Edison Plan and Defendant 401k, on behalf of all Defendants, stating that Plaintiff's claim to collect the proceeds as the primary beneficiary was denied because the Decedent was married at the time of his death.

22. On or about February 28, 2022, or a date close thereto, Plaintiff, by phone, requested a copy of the plan documents for Defendant Edison Plan and Defendant 401k giving rise to the denial of Plaintiff's claim.

**COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS**

23. On March 31, 2022, without the benefit of the plan documents requested by Plaintiff, counsel submitted a request for appeal of the February 8, 2022 denial to both Defendant Edison Plan and Defendant 401k. An amended appeal was sent to both Defendant Edison Plan and Defendant 401k on April 1, 2022.

24. On or about April 5, 2022, 5 days after the request for appeal had been sent and more than a month after the request for plan documents had been requested, Defendants finally provided a copy of the documents for both Defendant Edison Plan and Defendant 401k to Plaintiff's counsel. These documents were produced only in a hard-copy format and referenced coded internal URL links required to access the entirety of the information. The plan was incomplete and not fully responsive to Plaintiff's request. Plaintiff is disadvantaged by Defendants' failure to provide complete and adequate plan documents.

25. On June 8, 2022 Defendants, on behalf of Defendant Edison Plan and Defendant 401k, affirmed its February 8, 2022 decision as to both claims. The denials from both Defendant Edison Plan and Defendant 401k clearly stated that the decision was final and that Plaintiff had 180 days to file suit if he wished to contest the final decision.

26. Having exhausted all administrative remedies, Plaintiff now comes forth with the present suit for the following causes of action.

**FIRST CAUSE OF ACTION TO RECOVER DAMAGES FOR WRONGFUL DENIAL OF RETIREMENT PLAN BENEFITS TO PLAINTIFF AND PENALTIES**

**29 USC 1132 [ERISA § 502(a)(1)(B) AND § 502(c)]**

27. Plaintiff re-alleges and incorporates herein by this reference paragraphs 1-26 as if fully restated herein.

28. Plaintiff is the primary beneficiary to the retirement plan managed by all Defendants and held through Defendant Edison Plan by the Decedent.

29. Plaintiff seeks this Court to order that Defendant Edison Plan, and any other Defendant whose action is necessary, immediately release all benefits under the retirement plan of the Decedent to Plaintiff under the terms of his plan. This includes the $50,000 that was wrongfully released by Defendants to Ms. Marquez.

**COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS**

30. Plaintiff seeks to enforce his rights under the terms of the plan and to clarify his rights to future benefits under the terms of the plan.

31. Plaintiff seeks to recover civil penalties as allowed by statute in an amount according to proof at trial.

32. Plaintiff seeks to recover reasonable attorney's fees to the full extent allowed by law.

## SECOND CAUSE OF ACTION TO RECOVER DAMAGES FOR WRONGFUL DENIAL OF 401K BENEFITS TO PLAINTIFF AND PENALTIES
## 29 USC 1132 [ERISA § 502(a)(1)(B) AND § 502(c)]

33. Plaintiff re-alleges and incorporates herein by this reference paragraphs 1-32 as if fully restated herein.

34. Plaintiff is the primary beneficiary to the 401K retirement plan managed by all Defendants and held through Defendant Edison 401k by the Decedent.

35. Plaintiff seeks this Court to order that Defendant Edison 401k, and any other Defendant whose action is necessary, immediately release all benefits under the retirement plan of the Decedent to Plaintiff under the terms of his plan.

36. Plaintiff seeks to enforce his rights under the terms of the plan and to clarify his rights to future benefits under the terms of the plan.

37. Plaintiff seeks to recover civil penalties as allowed by statute in an amount according to proof at trial.

38. Plaintiff seeks to recover reasonable attorney's fees to the full extent allowed by law.

## THIRD CAUSE OF ACTION TO RECOVER DAMAGES AND PENALTIES FOR FAILURE TO PROVIDE NOTICES AS REQUIRED BY CODE
## 29 USC 1132 [ERISA § 502(c) AND (g)]

39. Plaintiff re-alleges and incorporates herein by this reference paragraphs 1-38 as if fully restated herein.

40. Plaintiff is the primary beneficiary to the retirement plan managed by all

-6-
**COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS**

Defendants and held through Defendant Edison Plan by the Decedent.

41. Defendants, and each of them, failed to notify the Decedent of changes to the plan in the manner required by law. Defendants, and each of them, failed to obtain the required acknowledgment from Plaintiff that he had received notice of the updates to the Plan.

42. Defendants, and each of them, failed to supply Plaintiff with the entire plan documents prior to the deadline of his appeal to each of Defendant's initial findings.

43. Defendants, and each of them, failed to supply meaningful components of the plan and correspondences, namely the proof of receipt of the plan updates by Decedent, to the Plaintiff.

44. Plaintiff seeks this Court to order that Defendant Edison Plan, and any other Defendant whose action is necessary, immediately release all records related to each of the plans of the Decedent to Plaintiff immediately.

45. Plaintiff seeks to recover civil penalties as allowed by statute in an amount according to proof at trial.

46. Plaintiff seeks to recover reasonable attorney's fees as allowed by law.

**PRAYER**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of all benefits due to Plaintiff under the retirement plan held with Defendant Edison Plan;

2. Payment of all benefits due to Plaintiff under the retirement plan held with Defendant Edison 401k;

3. Payment of the $50,000 wrongfully released to Ms. Marquez on a life insurance policy for which Plaintiff was the named beneficiary.

4. An order declaring that Plaintiff is entitled to all present and future benefits afforded to beneficiaries of the retirement plan held by Defendant Edison Plan;

5. An order declaring that Plaintiff is entitled to all present and future benefits afforded to beneficiaries of the retirement plan held by Defendant Edison 401k;

6. Pursuant to 29 U.S.C. 1132(c)(a), payment of daily penalties for Defendants' failure to timely process Plaintiff's claim;

KRASE, BAILEY, REED-KRASE, LLP
132 E. Morton Avenue
Porterville, CA 93257
(559) 784-2353

7. Pursuant to 29 U.S.C. 1132(c)(a), payment of daily penalties for Defendants' failure to produce all documents relevant to Plaintiff's claim;

8. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

9. Payment of prejudgment and post-judgment interest as allowed for under ERISA;

10. Such other and further relief as this Court deems just and proper.

Dated:  December 2, 2022                    /S/ Alexander Reed-Krase
                                            Alexander Reed-Krase, Esq.,
                                            Attorney for Plaintiff,
                                            Kenneth Lyle Ruffa

KRASE, BAILEY, REED-KRASE, LLP
132 E. Morton Avenue
Porterville, CA 93257
(559) 784-2353

-8-
**COMPLAINT FOR BREACH OF ERISA; ENFORCEMENT AND CLARIFICATION OF RIGHTS; MONEY DAMAGES; PREJUDGMENT/POSTJUDGMENT INTEREST; ATTORNEY'S FEES AND COSTS**